**RICCI, FAVA, LLC.**
**16 Furler Street**
**Totowa, New Jersey  07512**
**Telephone: 973-837-1900**
**Facsimile: 973-837-1915**
**Ronald J. Ricci, Esq. (RR8262)**
**Attorney for Defendant, Salvatore Vassallo**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| | : |
| v. | : CRIMINAL NO. 1:22-CR-00325 |
| | : |
| **SALVATORE VASSALLO,** | : |
| Defendant. | : |

## CONSENT MOTION TO VACATE THE STATUS CONFERENCE AND FOR EXCLUDABLE DELAY

The Defendant Salvatore Vassallo respectfully files this Consent Motion to vacate the status conference and to set the matter for a plea hearing on a date convenient to the Court. The status conference is currently set for March 29, 2023. The United States concurs in this request. In support thereof, the defendant states as follows:

1. On September 14, 2022, the defendant, Salvatore Vassallo, was arrested in his home state of New Jersey on an arrest warrant issued in the United States District Court for the District of Columbia in connection with a Criminal Complaint charging the defendant with Obstruction of Law Enforcement During Civil Disorder, in violation of 18 U.S.C. § 231(a)(3), Assaulting, Resisting, or Impeding Certain Officers, in violation of 18 U.S.C. § 111(a)(1), Entering or Remaining in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(1), Disorderly and Disruptive Conduct in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(2), Engaging in Physical Violence in a Restricted Building or Grounds, in violation of 18 U.S.C. § 1752(a)(4), Disorderly Conduct in the Capitol Grounds or Buildings, in violation of 40 U.S.C. § 5104(e)(2)(D), and an Act of Physical Violence in the

1

Capitol Grounds or Buildings, in violation of 40 U.S.C. § 5104 (e)(2)(F).

2. Defendant Vassallo made an initial appearance on September 27, 2022 before a magistrate judge in the District of Columbia. At his initial appearance, the defendant was not detained.

3. Defendant Vassallo has appeared before this court for two status conferences with the last conference being held on January 19, 2023. With the consent of the parties the time between the status conference was excluded from the Speedy Trial Act.

4. Since January 19, 2023 counsel for the defendant and the government have conferred and reached a proposed disposition of the matter. The parties respectfully request that the status conference currently set for March 29, 2023 be vacated and the matter be set for a plea hearing at a time that is convenient to the Court.

5. The parties agree that the failure to grant this motion "would deny counsel for the defendant . . . the reasonable time necessary for effective preparation, taking into account the exercise of due diligence," 18 U.S.C. § 3161(h)(7)(B)(iv). Therefore, "the ends of justice served by the granting of such continuance [will] outweigh the best interests of the public and the defendant in a speedy trial," 18 U.S.C. § 3161(h)(7)(A), and the parties request an order to that end. The parties agree that pursuant to 18 U.S.C. § 3161, the time from March 29, 2023 until the plea hearing date shall be excluded in computing the date for speedy trial in this case.

6. Wherefore, the parties respectfully request that the Court vacate the March 29, 2023 status conference and set a plea hearing date in approximately 60 days.

Respectfully submitted,

Ronald J. Ricci, Esq.